IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 CV 6291 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| DMM WESTERN, INC., d/b/a ) | |
| DUNKIN DONUTS, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants Viraj Patel and Vaibhav Patel's Motion to Dismiss Counts I, II, and IV Under Title VII of Plaintiff's Amended Complaint [52] is granted. Defendants DMM Western, Inc., Viraj Patel, and Vaibhav Patel's Motion to Dismiss Count V of Plaintiff's Amended Complaint [54] is granted.

## STATEMENT

Plaintiff Eric Parker ("Plaintiff") sues Defendants DMM Western, Inc., d/b/a Dunkin Donuts ("DMM"), Viraj Patel ("Viraj"), and Vaibhav Patel ("Vaibhav") (Viraj and Vaibhav together, the "Patels") (Defendants collectively, "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Illinois Gender Violence Act ("IGVA"), 740 ILCS 82/1 *et seq.* Specifically, Plaintiff brings Counts I, II, and IV under theories of racial harassment, racial discrimination, and retaliation pursuant to both Title VII and 42 U.S.C. § 1981. Before the Court are the Patels' motion to dismiss the Title VII claims against them as individuals and Defendants' motion to dismiss the IGVA claim. For the reasons that follow, both motions are granted.

DMM employed Plaintiff, an African-American male, as a store manager. Viraj served as a supervisor and area manager for DMM and specifically supervised Plaintiff's work. Viraj had the authority to hire, discipline, and terminate employees. Around May 2013, Plaintiff inquired about two African American employees, previously employed by DMM. Jimmy Patel ("Jimmy"), a manager, used racial epithets when referring to the decision to fire those two employees.

After being transferred to a new location, on August 10, 2013, Lalo Patel ("Lalo"), a DMM crew member, poured ice on Plaintiff, while using racial slurs directed toward Plaintiff. Lalo continued this behavior, pouring ice on Plaintiff, smashing ice bags on Plaintiff, and leaving ice in Plaintiff's bags of personal items on multiple occasions. Vaibhav joined Lalo in directing racial slurs at Plaintiff, including writing certain racially and sexually insensitive terms on Plaintiff's clothing. Plaintiff learned that one of the terms was meant to denigrate homosexual African-Americans. Plaintiff requested that these individuals cease the use of such language, but his efforts were to no avail. He then moved up the corporate chain of command, lodging

complaints with DMM's district manager. However, the district manager took no remedial action.

In June 2013, the harassment escalated when Lalo pulled down his pants to expose his genitalia and told Plaintiff that his job did not only include cleaning up, but also required him to perform oral sex. The next month, Lalo heated a kitchen utensil in the oven and used it to burn Plaintiff's neck and threatened to cut Plaintiff's thumb off with a knife. Upon Plaintiff's threat to call the police, Lalo cut Plaintiff's thumb, drawing blood. He told Plaintiff that "we're going to make [any complaint to the corporate office] disappear." Compl.¶ 48. Other employees, such as Vaibhav, were complicit and even added to the harassment by continuing to verbally torment Plaintiff, going so far as to refer to Plaintiff as their slave. Lalo and Vaibhav continued to use other racial epithets directed toward Plaintiff and dump bleach, degreaser, and condiments on Plaintiff's belongings. In August 2013, Lalo, for a second time, commanded that Plaintiff perform oral sex on him.

Plaintiff finally requested a transfer. Vaibhav told him, in derogatory terms, that African Americans don't get transferred, "they stay south." Compl.¶ 61. Viraj informed Plaintiff that if he needed to move to another location, then DMM did not need him. Plaintiff then complained to the corporate office. The corporate representatives denied his complaint. He then contacted Jimmy, who told Plaintiff that he had been terminated because he stopped showing up for work.

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit, Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted).

The Patels move to dismiss Counts I ("Racial Harassment"), II ("Race Discrimination"), and IV ("Retaliation for Opposing Unlawful Discrimination") under Title VII, which Plaintiff brings against all Defendants, on the basis that no individual liability may attach. The Patels are correct that "there is no individual liability under Title VII." Nischan v. Stratosphere Quality, LLC, No. 16-3464, 2017 WL 3275149, at *4 (7th Cir. Aug. 2, 2017) (citing Geier v. Medtronic, Inc., 99 F.3d 238, 244 (7th Cir. 1996)); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) ("Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, Williams can state no set of facts which would enable her to recover under the statute."). Accordingly, the Title VII claims against the Patels fail to state a claim upon which relief may be granted, and the Patels' motion is therefore granted.

The Court notes that Plaintiff's argument does not attempt to refute the Patels' position; rather, Plaintiff states that individual liability may attach pursuant to 42 U.S.C. § 1981, his alternative theory of liability in Counts I, II, and IV. Plaintiff is correct that "[i]ndividual liability arises under §[] 1981…only if the defendant was personally involved." McQueen v. City of Chicago, 803 F. Supp. 2d 892, 901 (N.D. Ill. 2011); Musikiwamba v. ESSI, Inc., 760 F.2d 740, 753 (7th Cir. 1985) (no personal liability for corporation's violation of § 1981 where official is not alleged to have participated in the actual discrimination against the plaintiff). The Patels do not contest this, but rather seek only to dismiss the Title VII portion of the Complaint

against them. Plaintiff may therefore proceed with his § 1981 claims at this stage of the litigation.

Next, all Defendants move to dismiss Count V of the Complaint, which seeks redress under the IGVA. Defendants argue that Plaintiff's claim violates the statute of limitations. Plaintiff agrees with Defendants that "an action based on a threat of gender-related violence causing a realistic apprehension that the originator of the threat will commit the act must be brought within two years of when the cause of action accrued." Pl.'s Resp. at 3 (citing 740 ILCS 82/20). Plaintiff believes that his allegations would help a "trier of fact when determining whether Lalo was motivated by hostility toward Plaintiff on the basis of gender or perceived sexual orientation," id. at 4, but he makes no argument that he actually filed suit within two years of the actions of which he complains. Indeed, he can make no such showing. Plaintiff concedes that Lalo pulled his pants down and told him to perform oral sex in June 2013 and again in August 2013. Plaintiff, however, delayed in filing suit until June 17, 2016. Dkt. 1 (initial complaint). While the Court expressly condemns, if true, the acts alleged, the face of the Complaint shows that Plaintiff failed to file his IGVA claim within the limitations period.

In sum, the Patels' motion to dismiss is granted as to the Title VII theories of recovery in Counts I, II, and IV against the Patels as individuals. Plaintiff may proceed with Counts I, II, and IV under § 1981. Finally, Defendants' motion to dismiss Count V under the IGVA is granted because the claim is time-barred.

IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 25, 2017